UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY BOWCUT, | No. 2:21-cv-0736 DB P |
| Plaintiff, | |
| v. | ORDER |
| VASUKI DARAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights complaint under 42 U.S.C. § 1983. Presently before the court is plaintiff's motion to compel defendants to participate in an Alternative Dispute Resolution ("ADR") settlement conference (ECF No. 21) and motion to appoint counsel (ECF No. 22).

**MOTION TO COMPEL ADR SETTLEMENT CONFERENCE**

Plaintiff requests that the court "compel defendants to attend the court ordered 'ADR'" on the grounds that a settlement conference may help avoid some of the "economic burdens and delays" litigation can impose. (ECF No. 21 at 1-2.) The court previously ordered this action stayed in order to conduct an ADR settlement conference. (ECF No. 14.) Defendants later filed a motion to opt out on the basis that after reviewing "[p]laintiff's claims, the medical records, and applicable law" it would be in the best interest of defendants to defer any settlement discussion
////

1

until after discovery.  (ECF No. 18-1 at 3.)  The court found defendants had presented good cause to grant the motion, lifted the stay, and ordered defendants to file answer or other responsive pleadings.  (ECF No. 19 at 2.)

Plaintiff's motion does not present a convincing argument for why the court should compel defendants' participation in a settlement conference at this time.  The court does have the power to compel a party to participate in a settlement conference.  Fed. R. Civ. P. 16(c)(1); United States v. U.S. Dist. Court, 694 F.3d 1051, 1057-58 (9th Cir. 2012).  However, defendants have represented that a settlement conference would not be worthwhile until formal discovery permits further investigation of plaintiff's claims.  (ECF No. 12-1 at 3.)  Plaintiff's deliberate indifference claim involves important factual questions.  For example, evidence is vital to proving or disproving the existence of a serious medical need and defendants' knowledge of that need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  As such, defendants presented good cause to opt out of ADR settlement.

Forcing defendants to participate in a settlement conference before they are able to investigate these factual issues fully through discovery does not seem likely to be a productive exercise.  Plaintiff's bare assertion that the "costs and burdens impossed [sic] on the courts and public" weigh in favor of conducting a settlement conference is not a sufficiently persuasive argument in light of defendants' assertion that discovery is necessary.  (ECF No. 21 at 2.)  Defendants are unlikely to be willing or able to fully engage in settlement discussions before they are able to fully investigate plaintiff's claims.  Defendants claim that factual discovery is necessary for them to assess these claims.  (ECF No. 18-1 at 3.)  Thus, it does not appear to be in the interest of the parties' or court's time to compel participation in a settlement conference at this time.

Accordingly, plaintiff's motion will be denied.  However, this does not preclude the possibility of a settlement conference at a later stage of these proceedings, whether by agreement of both parties or by order of the court.

////

////

### MOTION TO APPOINT COUNSEL

Plaintiff asks the court to appoint counsel to assist him with the present action.[1] (ECF No. 22.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. So far, plaintiff has been able to successfully articulate his claims pro se. (See ECF Nos. 1, 8.) The legal issues involved in this case do not appear to be highly complex as plaintiff is only pursuing a medical needs claim against three defendants. Thus, the exceptional circumstances required for the court to request voluntary assistance of counsel do not appear present at this time.

Plaintiff's motion for appointment of counsel will be denied without prejudice to its renewal at a later stage of these proceedings.

////

////

////

---

[1] In his motion plaintiff requests the appointment of counsel "pursuant to Government Code section 15421 and Penal Code section 1240." (ECF No. 22 at 1.) This appears to reference California law regarding the appointment of counsel. As this case is presently brought in federal court under 42 U.S.C. § 1983, a federal cause of action, this motion is not properly brought under these state statutes.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel defendants' participation in a settlement conference (ECF No. 21) is denied.
2. Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without prejudice.

Dated: May 16, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/bowc0736.compel.ADR+.31

4