UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY BOWCUT, | No. 2:21-cv-00736 DB P |
| Plaintiff, | |
| v. | ORDER |
| VASUKI DARAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Presently before the court are plaintiff's motions for the appointment of counsel.

Plaintiff has filed four motions requesting the appointment of counsel. (ECF Nos. 43, 44, 49, 50.) In support of his motions, he cites 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 1919(d), (e)(1) and argues that counsel should be appointed in the interest of justice. (ECF No. 43 at 1-2.) He further states the appointment of counsel is warranted "[b]ased on 'Good Cause' of showing exceptional circumstances demonstrating 'the interests of justice so require' the appointment of counsel." (Id. at 2.) Plaintiff has included a declaration written by a fellow inmate stating that the inmate has been assisting plaintiff, plaintiff does not have the cognitive abilities to comprehend and understand his own legal papers because plaintiff suffers from brain damage.

1

1  (Id. at 3-4.)  The inmate goes on to state that he cannot assist plaintiff because one of the
2  defendants in this action is the inmate's primary care physician.  (Id. at 4.)  The inmate further
3  argues that limited law library access and the complexities of the case support the appointment of
4  counsel.  (Id. at 5-7.)
5        Plaintiff filed an identical request for counsel and declaration with additional exhibits
6  containing some of plaintiff's medical reports attached.  (ECF No. 44.)  Plaintiff's third motion to
7  appoint counsel appears virtually identical to the first motion to appoint counsel.  (ECF No. 49.)
8        In support of his fourth motion to appoint counsel plaintiff argues, counsel should be
9  appointed because an attorney who represented plaintiff in prior criminal proceedings has stated
10  that based on the attorney's personal knowledge of plaintiff, plaintiff is not capable of researching
11  or preparing pleadings in any legal proceeding.  (ECF No. 50 at 2.)  Plaintiff further states that he
12  could demonstrate the allegations in the complain show defendants are not entitled to summary
13  judgment with the assistance of counsel.  (Id. at 3.)  Correspondence with an attorney who
14  previously represented plaintiff in criminal proceedings is attached as exhibits to the motion.  The
15  declaration from the inmate assisting plaintiff attached to the other motions to appoint counsel
16  was also included in the motion to appoint counsel.
17        The United States Supreme Court has ruled that district courts lack authority to require
18  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490
19  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the
20  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
21  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
22        The test for exceptional circumstances requires the court to evaluate the plaintiff's
23  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
24  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
25  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
26  common to most prisoners, such as lack of legal education and limited law library access, do not
27  establish exceptional circumstances that would warrant a request for voluntary assistance of
28  counsel.

In the present case, the court does not find the required exceptional circumstances. Circumstances common to most inmates, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an "incapacitating mental disability" and the plaintiff "must present substantial evidence of incompetence." Meeks v. Nunez, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims. See McElroy v. Cox, No. 08-1221 JM (AJB), 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009).

Here, plaintiff has alleged that his cognitive abilities do not allow him to effectively litigate this action. However, the court does not find such information sufficient to warrant the appointment of counsel. In any renewed motion, plaintiff must present evidence showing that his mental impairment is such that he cannot proceed pro se. See Jones v. Kuppinger, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."). Accordingly, the undersigned will deny the motion without prejudice.

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF Nos. 43, 44, 49, 50) are denied without prejudice.

Dated: December 12, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 12
DB/DB Prisoner Inbox/Civil Rights/R/bowc0736.31