UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY BOWCUT,<br><br>Plaintiff,<br><br>v.<br><br>VASUKI DARAM, et al.,<br><br>Defendants. | No.  2:21-cv-0736 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with an action brought under 42 U.S.C. §1983.  Plaintiff has moved the court to appoint counsel.  (ECF Nos. 43, 44, 49 and 50.)  The motions were prepared by inmate Stephen Snow, who identifies himself as a "jailhouse lawyer."  Snow states that he began assisting plaintiff for the purpose of plaintiff's challenge to a document filed without plaintiff's knowledge.  The document purported to be a request by plaintiff to dismiss his case.  Plaintiff contended that he did not wish to dismiss his case and that the document had been filed by another prisoner who assisted him previously with this case.  Plaintiff's request to dismiss was withdrawn and this case has proceeded.  Defendants filed a motion for summary judgment on November 14, 2023.  Plaintiff has not yet filed an opposition.

////

////

////

Inmate Snow filed the requests for appointment of counsel on plaintiff's behalf because he will no longer help plaintiff with this case.[1]  Snow argues that plaintiff cannot prepare legal documents because he is elderly, suffered brain damage as a child, only completed school through the eighth grade, and reads at a second-grade level.  He provides a copy of a "Rehabilitative Case Plan" that lists plaintiff's TABE[2] reading score as 2.0.  Snow also argues that the law library has been frequently closed and that the librarian there is unable to help plaintiff due to her lack of knowledge of the law.  Finally, with his most recent motion, plaintiff provides a copy of a letter from the attorney who represented him in his criminal case.  The attorney states that plaintiff is "not able to research legal issues or prepare any pleadings" and is "incapable" of understanding legal issues without assistance.  (ECF No. 50 at 7.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of

---

[1] Each of plaintiff's four motions includes the same brief prepared by Mr. Snow.

[2] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." Reynaldo v. Arnold, No. 2:15-cv-2182 KJM DB P, 2017 WL 3981602, at *3 (E.D. Cal. Sept. 11, 2017).

counsel at this time. The court finds the legal issues in this case are not particularly complex. The only question raised by plaintiff's complaint is whether his primary care physician, and the officials who reviewed his appeals, were deliberately indifferent to plaintiff's serious medical needs when they did not do more to treat plaintiff's abdominal aneurysm and pain following his hernia surgery. Plaintiff's complaint showed that he can adequately describe his claims and his subsequent filings have also been appropriate. To the extent plaintiff has had assistance, he does not show that he can no longer get help from other inmates or from those at the law library. Inmate Snow's opinion about the law librarian's abilities is just that, an opinion.

This court recognizes that legal research and writing is difficult for prisoners, and particularly for prisoners with educational deficits. That said, those deficits are not extraordinary. This court finds plaintiff's situation is not sufficiently extraordinary to justify an attempt by the court to find a volunteer attorney.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 43, 44, 49 and 50) are denied without prejudice; and

2. Within thirty days of the date of this order, plaintiff shall file his opposition to defendants' motion for summary judgment.

Dated:  December 12, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/bowc0736.31(3)